IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA, /
                          /
    Plaintiff,         /         Case No.    8:21-cr-218-WFJ-AAS
                          /
vs.                       /
                          /
JAMES MAPOLES,            /
                          /
    Defendant.        /
_____/

**DEFENDANT, JAMES MAPOLES', SENTENCING MEMORANDUM
AND MOTION FOR DOWNWARD DEPARTURE OR VARIANCE
FROM THE OTHERWISE APPLICABLE GUIDELINE RANGE**

    The Defendant, JAMES MAPOLES, through undersigned counsel, hereby files his Sentencing Memorandum and moves this Court for a downward departure from the otherwise applicable guideline range pursuant to USSG § 4A1.3(b), or in the alternative, a variance pursuant to 18 U.S.C. §§ 3553 and 3551, and offers the following in support thereof:

**PERSONAL BACKGROUND OF THE DEFENDANT**

    James Mapoles was born on May 11, 1981, in Panama City, Florida. His parents divorced when he was three years old, and his father was killed in a boating accident when he was four. PSR ¶135. The Defendant was raised solely by his mother whom he described as his "rock." PSR ¶137. The Defendant and his wife have been together almost six years and enjoy a close relationship. Mr. Mapoles' wife has been emotionally and financially impacted by his arrest; and consequently, has moved in with his mother.

PSR ¶143.  Mrs. Mapoles described the Defendant as a "hard-working, trustworthy and good man."  She indicated that Mr. Mapoles helped her to become sober, and has financially supported her and her family.  PSR ¶147.

## FACTUAL AND PROCEDURAL HISTORY

The Defendant, James Mapoles, was sentenced to thirty months Florida State Prison on January 9, 2015, as a result of a violation of probation for methamphetamine-related charges originating out of Bay County, Florida.  While incarcerated in the Florida Department of Corrections, he joined the *Unforgiven* prison gang just prior to his release.  PSR ¶56.   Upon his release from prison, Mr. Mapoles' goal was to assist other *Unforgiven* brothers to find a residence, get off drugs, and obtain lawful employment so they would not return to prison.  PSR ¶64.  However, the new president of the organization was promoting an ideology within the organization that Mr. Mapoles did not agree with, including racist policies and violence.  PSR ¶64.  Approximately one year prior to his arrest in the instant offense, Mr. Mapoles stepped down from his position in the brotherhood and slowly tried to remove himself from the organization.  PSR ¶64.

However, on July 15, 2021, Mr. Mapoles was arrested by federal authorities for conduct that occurred prior to him stepping down.  That conduct included conspiring to remove tattoo "patches" from T.B. and H.W., conspiring to commit an assault against "race traitors" and "gray boys" and threatening to commit violence against another unknown individual.  PSR ¶¶37, 40, 42, 43.

As a result of his involvement, Mr. Mapoles is charged with three counts of Conspiracy to Commit Assault in Aid of Racketeering, and one count of Threat of Violence in Aid of Racketeering.  On November 8, 2021, Mr. Mapoles entered guilty pleas as to

Counts Four, Six, Seven and Eight. Pursuant to the agreement, the Government will recommend a three-level reduction for acceptance of responsibility, and that Mr. Mapoles be sentenced within the applicable guideline range.

## MOTION FOR A DOWNWARD DEPARTURE FROM THE ADVISORY GUIDELINE RANGE

The Defendant requests this Court depart downward based on an over-representation of his criminal history. U.S.S.G. § 4A1.3(b)(1) states:

(b) DOWNWARD DEPARTURES.

(1) STANDARD FOR DOWNWARD DEPARTURE. If reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, a downward departure may be warranted.

The scoreable convictions for Mr. Mapoles are as follows:

| Offense | Criminal History Points |
|---|---|
| 1. Possession of Methamphetamine | 3 |
| 2. Attempt to Manufacture Methamphetamine (Tampering with Physical Evidence) | 3 |
| 3. Possession of Methamphetamine (2 Counts) | 3 |
| 4. Battery | 1 |
| TOTAL | 10 |

Nine criminal history points involve methamphetamine related to Mr. Mapoles addiction to the substance. One point results from a battery where Mr. Mapoles was placed on probation for a term of six months. Nine criminal history points and a criminal history category of V is usually reserved for persons with the most egregious criminal histories. Mr. Mapoles moves this Court for a downward departure to a criminal history of IV, which more accurately represents Mr. Mapoles criminal history.

## MOTION FOR A DOWNWARD VARIANCE
## FROM THE ADVISORY GUIDELINE RANGE

Mr. Mapoles moves this Honorable Court pursuant to Title 18 U.S.C. § 3553 for a variance from the otherwise applicable advisory guideline range based upon his personal history and over-representation of his criminal history.

## PERSONAL HISTORY

Mr. Mapoles grew up without a father in his life and was raised by a single mother. PSR ¶155.  The Defendant indicated that his mental health problems stem from the loss of his father and have affected his entire life.  He stated that he felt mad at the world, had a chip on his shoulder and got into fights in school.   PSR ¶157.  As a result, he grew up angry, and frequently got into fights.  PSR ¶157.  He has a documented history of depression and substance abuse that has clearly exacerbated his emotional issues.  Mr. Mapoles was diagnosed with depression in 2010, and again in 2021, while confined in the Citrus County Jail.  PSR ¶155-156.

Mr. Mapoles began using drugs and alcohol in his early teens and twenties.  His drug use culminated to almost daily use of methamphetamine and opiates until his arrest in 2014.  PSR ¶159-164.  Mr. Mapoles used drugs because he liked the way it made him feel and that he never learned to deal with his emotions.  PSR ¶165.  His drug use has impacted his work, relationships, health and finances.  PSR ¶165. Mr. Mapoles completed a six-month in-patient drug program at the Keeton House located in Panama City, Florida, and successfully completed the Lifeline drug program in jail.  PSR ¶167.  Mr. Mapoles stated that in order to remain sober he will consider that he enjoyed having a career and the nicer things in life, noting that there is more to life than sitting around thinking about how to get high again.  PSR ¶166.

Mr. Mapoles has been employed full-time as a journeyman electrician from August 2019, until the time of his arrest. PSR ¶174-175. Mr. Mapoles has worked as a journeyman in the electrical field for several years and was made a foreman with his company prior to his arrest in the instant offense. PSR ¶173. He would like to return to that field upon his release from prison.

## **VARIANCE FOR OVER-REPRESENTATION OF CRIMINAL HISTORY**

Most of Mr. Mapoles' prior arrests and convictions are either directly or indirectly related to substance use of abuse. PSR ¶111-120. None of Mr. Mapoles' prior arrests or convictions are gang-related or have racial overtones. Mr. Mapoles has renounced his affiliation with the brotherhood and is not a racist person, nor was he raised to have hate in his heart. PSR ¶149. Mr. Mapoles is truly remorseful for his actions and has vowed to become a productive member of society and help others. PSR ¶149.

The Defendant's total offense level of 17 with a Criminal History Category V resulting in an advisory guideline range of 46-57 months imprisonment. PSR ¶179. Mr. Mapoles has a total of 10 criminal history points, the lowest number for a Criminal History Category V. Nine of those points originate from three prior drug convictions where Mr. Mapoles was sentenced to prison. One point originates from a misdemeanor Battery. The three prior drug convictions and one misdemeanor conviction that comprise Mr. Mapoles' Category V status are significantly less than other similarly-situated defendants with the same criminal history category. Mr. Mapoles' convictions are from 2004, 2012, and 2014. Since his release in 2016, he has not been arrested for any kind of crime, other than the instant offense where he threatened, but did not actually commit any assaults.

**SUMMARY**

Mr. Mapoles has maintained full-time employment, has remained drug-free, and he is not a threat to the community. Although the conduct discussed in this case was reprehensible, Mr. Mapoles did not personally commit any acts of violence toward anyone, nor was anyone injured as a result of his conduct. Mr. Mapoles is not in any way minimizing the seriousness of this case. However, when examining his prior convictions and his lawful conduct since his latest release from prison, a Criminal History Category IV would more accurately characterize Mr. Mapoles criminal history compared to other defendants. Therefore, the Defendant respectfully requests that the Court sentence him at a total offense level of 17, and Criminal History Category of IV, resulting in an advisory guideline range of 37 - 46 months imprisonment. Mr. Mapoles was one of the first few individuals to enter a guilty plea in this case and accept responsibility for his conduct. Considering all the factors set forth under 18 U.S.C. §§ 3553, a sentence of 37 months is reasonable and adequate and satisfies the statutory purposes of sentencing.

**WHEREFORE**, the Defendant requests that this Honorable Court depart or vary from the otherwise applicable guidelines pursuant to USSG § 4A1.3(b) and 18 U.S.C. §§ 3553, to avoid unwarranted disparity in the sentencing process.

Respectfully submitted,

*// Rick Terrana //*

Rick Terrana, Esquire
Florida Bar No. 0746118
Law Office of Rick Terrana, P.A.
2917 W. Kennedy Boulevard - Suite 120
Tampa, Florida   33607
(813) 842-6113
rickterrana@yahoo.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished electronically on the 8th day of March, 2022, to the following:

Maria Guzman, AUSA - maria.guzman@usdoj.gov